IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FOUNDATION BUILDING MATERIALS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:24-cv-01434 |
| v. | ) ) | JUDGE CAMPBELL |
| IRONLINE METALS, LLC, | ) ) ) | MAGISTRATE JUDGE HOLMES |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiff Foundation Building Materials, LLC's Motion to Remand (Doc. No. 7) to which Defendant Ironline Metals, LLC responded in opposition (Doc. No. 13).

Defendant's response was filed approximately two weeks after the deadline and is accompanied by a motion to extend the deadline and consider the response timely filed. (Doc. No. 11). Defendant explains that the missed deadline was the result of inadvertently missing the notice of the motion while preoccupied with other personal and professional matters (closing on a new home and a trial). Plaintiff opposes the request for extension. (*See* Doc. No. 21). But the opposition to the extension says nothing about the propriety of the requested extension; it speaks only to the removal and request for remand. (*Id*.). Accordingly, the motion for extension (Doc. No. 11) is **GRANTED**. The Court has considered Defendant's response. (Doc. No. 13).

For the reasons stated herein, the motion to remand will be **GRANTED**.

## I. BACKGROUND

Plaintiff Foundation Building Materials, LLC ("FBM") initiated this case by filing a filing a complaint in the Davidson County Chancery Court for the State of Tennessee on November 21, 2024, against Defendant is Ironline Metals, LLC ("Ironline"). (*See* Doc. No. 1-2). On December 3, 2024, in anticipation of serving Ironline with a summons and copy of the complaint, FBM's attorney asked Ironline's attorney if he would be willing to accept service of process on Ironline's behalf. (Horton Decl. ¶ 4). Before Ironline's counsel responded, and before Ironline was served, Ironline removed the case to federal court based on diversity jurisdiction. (Horton Decl. ¶ 5; Doc. No. 1).

As limited liability corporations, FBM and Ironline are citizens of every state where a member is a citizen. According to the business entity disclosure statements filed by the parties, FBM is a citizen of Delaware and California and Ironline is a citizen of Georgia, Kentucky, Alabama, and Tennessee. (*See* Doc. Nos. 31, 34). FBM argues removal was improper under the forum defendant rule because jurisdiction is based on diversity of citizenship and Ironline is a citizen of Tennessee.

## II. ANALYSIS

Removal of actions is governed by 28 U.S.C. § 1441, which provides that a civil case brought in a state court of which the federal district court has original jurisdiction may be removed to federal court by the defendant or defendants. If the case is removable solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is often referred to as the "forum defendant rule." In summary, the forum defendant rule prohibits a Tennessee defendant from removing a case from

2

Tennessee state court. Whether removal was proper here depends on whether the removal statute allows removal by a home state defendant before it has been "properly joined and served."

Defendant argues that the Court need only look at the language of Section 1141(b)(2) and because Defendant was not "properly joined and served" at the time of removal, the analysis ends there. The Court disagrees.

Because "courts must give effect to the clear meaning of statutes as written," the Court begins with the language of Section 1141(b)(2). Then Chief Judge Crenshaw provided a detailed analysis of the statutory language at issue in *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215 (M.D. Tenn. 2017). The case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Importantly, "the statute speaks of when an action *cannot* be removed, not when it *can* be removed." *Little*, 251 F. Supp. 3d at 1221 (emphasis added). To determine when a case can be removed, "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Id*. (quoting *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)). "Interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Id*. (quoting *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 432 (6th Cir. 2012)).

Then Chief Judge Crenshaw persuasively set forth the reasons why a narrow focus on the phrase "properly joined and served" would frustrate the language and purpose of Section 1441. *Id*. at 1221-1223. First, the forum defendant rule confines removal on the basis of diversity jurisdiction to instances where no defendant lives in the forum state. *Id*. at 1221. When at least one defendant is a citizen of the forum state, the rationale for diversity jurisdiction – protecting out-of-state

3

Case 3:24-cv-01434   Document 42   Filed 08/25/25   Page 3 of 5 PageID #: 333

defendants from the presumed bias of local courts – is not an issue. *Id*. at 1222 (citing *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013)). The "properly joined and served" language prevents the plaintiff from engaging in gamesmanship by naming forum defendants that it never intends to serve. *Id*. at 1221. Allowing defendants to thwart the forum defendant rule through snap removal would encourage gamesmanship by defendants and "eviscerate the purpose of the forum defendant rule." *Id*. at 1222 (quoting *Fields v Organon USA Inc*., No. 07-2922(SRC), 2007 WL 4365312, at * 5 (D.N.J. Dec. 12, 2007)). Finally, "the removal statutes 'are to be strictly construed.'" *Id*. at 1223 (citing *Syngenta Crop Protection, Inc. v. Hensen*, 537 U.S. 28, 32 (2002)). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Id*. (citing *Smith v. Nationwide Prop. & Cas. Ins. Co*., 505 F.3d 401, 405 (6th Cir. 2007).

Defendant's response to *Little* is simply the obvious statement that one district judge's ruling does not bind another district judge. But tellingly absent from Defendant's Response is a meaningful explanation of why *Little* was incorrectly decided and should not be persuasive for this Court's analysis of the instant motion.[1] Far from venturing into some amorphous conjecture of Congressional intent that ignores the plain language of the statute, *Little* is rooted in the statutory language and, while at odds with other district court decisions that involved different procedural postures, provides sound reasoning why "snap removal" deviates from the language of Section 1441.

The parties also discuss at length *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001), specifically footnote 2. *McCall* did not involve adjudication of removal or "snap removal." The language cited

---

[1] Defendant discusses at length that Plaintiff used "snap removal" in a related case in California. This Court was not asked to rule on anything related to that removal, nor could it, so the "they did it too" argument finds no purchase. The Court also notes that Plaintiff did not move to remand in the California case. *See Bowser v. Foundation Building Materials, LLC*, Case No. 8:24-cv-1643 (C.D. Cal.). The California case was eventually transferred to this district and has since settled.

4

by both parties from footnote 2 is clearly dicta and simply addresses in passing an issue not decided by that Court. Accordingly, the footnote in *McCall* is far from binding precedent on the issue presented in the instant motion.

Ironline's conduct here suggests gamesmanship. Ironline does not dispute that it is a citizen of Tennessee. It presumably knew of its ownership and that its indirect members include two Tennessee residents. (*See* Doc. No. 31). Ironline is the only defendant, so this is not a case where a non-forum defendant elected to remove a case before a forum defendant was served. Ironline is the forum defendant. Plaintiff's counsel, who was involved in related cases that also involved Defendant's counsel, made the common and reasonable request of Ironline's counsel to accept service on December 3, 2024, twelve days after the case was filed in state court. Under 28 U.S.C. § 1446(b), Ironline would have had 30 days to remove the case. Instead of responding to Plaintiff's counsel's request and using the time allowed under the statute, Defendant removed the case knowing it would not be removable once service occurred.

Based upon the statutory scheme, the Court finds that permitting snap removals frustrates the purpose of the forum defendant rule and is not the result Congress could have intended. This particularly evident under the circumstances here where the only defendant is a forum defendant.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Remand (Doc. No. 7) will be **GRANTED** and this case will be **REMANDED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE